UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT ALAN WOLF,

          Petitioner,

   v.

STATE OF WASHINGTON,

          Respondent.

CASE NO. 3:20-CV-6158-BHS-DWC

ORDER

On November 18, 2020, Petitioner Robert Alan Wolf filed a *pro se* 28 U.S.C. § 2241 habeas petition ("the Petition") commencing this civil action. Dkt. 1. Having reviewed and screened the Petition, the Court declines to serve the Petition but provides Petitioner leave to file an amended pleading by January 12, 2021 to cure the deficiencies identified herein.

Petitioner is not currently detained or incarcerated. *See* Dkt. In the Petition, Petitioner alleges he is being denied access to the Clark County library due to COVID-19 restrictions. Dkt. 1. Petitioner alleges he is not able to research a civil contract case related to his rental agreement. *See id.*

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method to challenge the violation of a right secured by the United States Constitution and laws of the United States. *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986)); *West v. Atkins*, 487 U.S. 42 (1988).

In the instant Petition, Petitioner's sole claim is he was denied access to the Clark County library. Dkt. 1. However, Petitioner does not allege he is incarcerated or otherwise detained, therefore, the denial of access to the library does not impact the fact or duration of Petitioner's sentence. Rather, Petitioner appears to challenge his access to the Clark County library in violation of federal law. Even giving the *pro se* Petition "the benefit of liberal construction," *Porter v. Ollison,* 620 F.3d 952, 958 (9th Cir. 2010), Petitioner has failed to state a cognizable claim under § 2241. Petitioner's requested relief, access to the Clark County library, is properly raised in a § 1983 complaint.

Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir. 2003) (citation omitted); *See Alcala v. Rios,* 434 F. App'x 668, 669–70 (9th Cir. 2011) (finding the district court erred in failing to grant the petitioner leave

ORDER - 2

1  to amend when he filed a § 2241 petition which did not contain cognizable claims challenging
2  the fact or duration of his confinement).

3  If Petitioner intends to pursue this action, he must file a § 1983 complaint on the form
4  provided by the Court. The § 1983 complaint must contain a short, plain statement telling the
5  Court: (1) the constitutional or statutory right which was violated; (2) the name of the person
6  who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or
7  inaction of the individual is connected to the violation of constitutional rights; and (5) the
8  specific injury suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362,
9  371–72, 377 (1976).

10  The § 1983 complaint must be legibly rewritten or retyped in its entirety, it should be an
11  original and not a copy, it should contain the same case number, and it may not incorporate any
12  part of the original Petition by reference. The complaint will act as a complete substitute for the
13  original Petition, and not as a supplement. The Court will screen the complaint to determine
14  whether it contains factual allegations linking each defendant to the alleged violations. The Court
15  will not authorize service of the complaint on any defendant who is not specifically linked to a
16  violation of a constitutional right. If Petitioner fails to file a complaint or fails to adequately
17  address the issues raised herein on or before January 12, 2021, the undersigned will recommend
18  dismissal of this action.

The Clerk is directed to send Petitioner the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint (non-prisoner) and an application to proceed *in forma pauperis* in a civil case (non-prisoner). The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Petitioner.

Dated this 3rd day of December, 2020.

David W. Christel
United States Magistrate Judge